UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY D. LY (Formerly known as Nguyet T. Duong), | |
| Plaintiff, | CIVIL ACTION |
| | NO. _____ |
| VERSUS | SEC. _____ |
| UNITED STATES OF AMERICA, Defendant | |

COMPLAINT

Parties.

1.

Kelly D. Ly (formerly known as Nguyet T. Duong) (hereinafter referred to as "Plaintiff"), whose mailing address is P.O. Box 352, Belle Chasse, Louisiana 70037 and Social Security Number is XXX-XX-7476.

1

2.

The Defendant is the United States of America (hereinafter referred to as the "Defendant").

### Jurisdiction.

3.

This Court has jurisdiction by reason of 28 U.S.C. Section 1346(a) (1).

### Facts.

4.

This action arises under Sections 6701 and 6703 of the Internal Revenue Code (Title 26 of the United States Code),[1] and is for the recovery of a penalty collected without authority or wrongfully collected under the Internal Revenue Laws.

5.

On April 20, 2009, the Defendant issued three (3) separate notices, each bearing the title "Notice of Penalty Charge", and assessing penalties against the Plaintiff under Section 6701 for calendar years 1999, 2000 and 2001 in the amounts of $87,000, $33,000 and $95,000, respectively (the notices are hereinafter collectively referred to as the "Penalty Notices" and the penalties are hereinafter collectively referred to as the "Section 6701 Penalties"). See Exhibits "A", "B" and "C".

6.

Prior to the assessment of the Section 6701 Penalties, the Plaintiff received no notification of the Defendant's legal or factual basis for the Section 6701 penalty assessments, or that Defendant was even considering an assessment of the Section 6701 Penalties.

---

[1] Section references to the Internal Revenue Code shall hereinafter be referred to as "Section".

2

7.

After receiving the Penalty Notices, Plaintiff's counsel, Douglas L. Salzer, attempted to contact by telephone Mr. William Algu, a Revenue Agent for the Internal Revenue Service ("IRS"), who the Plaintiff believed may have requested the assessment of the Section 6701 Penalties. Mr. Algu never returned Mr. Salzer's telephone call.

8.

On May 19, 2009, Plaintiff filed three claims for refund with the IRS concerning the Section 6701 Penalties, using a separate Form 6118, and including a separate $1,500 payment with each Form 6118. See Exhibits "D", "E" and "F". In the Forms 6118, the Plaintiff also disputed the Section 6701 penalty assessments and requested an abatement of the Section 6701 Penalties.

9.

On June 29, 2009, after the Plaintiff's submission of the Forms 6118, the IRS issued a three (3) Notices of Intent to Levy (the "Levy Notices") with respect to the Section 6701 Penalties assessed against the Plaintiff. See Exhibits "G", "H" and "I".

10.

On July 9, 2009, Mr. Douglas Salzer, telephoned the IRS Automated Collection System concerning the Levy Notice. Mr. Salzer spoke with an IRS representative named Mr. Bellamy who acknowledged that the Levy Notices were issued in violation of the stay created when the Plaintiff filed the Forms 6118 and made the $1,500 payments pursuant to the provisions of Section 6703. Mr. Bellamy also agreed to put a hold on any further collection action against the Plaintiff with respect to the Section 6701 Penalties

for a period of approximately 10 weeks while the Plaintiff's refund claims were being forwarded to the IRS' Appeals Division for further consideration.

11.

On December 7, 2009, again after Plaintiff's submission of the Forms 6118, the IRS notified Plaintiff that an overpayment on her personal taxes in the amount of $42,017.38 was being applied against the Section 6701 penalty assessed against her for the calendar year 1999. (The "Set off Notice") See Exhibit "J".

12.

As of the date of the filing of this lawsuit, Defendant has not denied, or even responded to, Plaintiffs Forms 6118 requesting claims for refund and abatement of the Section 6701 Penalties.

**Applicable Law.**

13.

A Section 6701 penalty may be imposed against a person only if the IRS establishes the following elements:

(a)    The person aided or assisted in, procured, or advised with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document;

(b)    The person knew (or had reason to believe) that such portion of the return, affidavit, claim, or other document would be used in connection with any material matter arising under the Internal Revenue laws; and

(c)    The person knew that such portion (if so used) would result in an understatement of the tax liability of another person.

4

14.

Section 6703(a) states that in any proceeding involving whether or not a person is liable for a Section 6701 penalty, the burden of proof with respect to said issue, shall be on the IRS.

15.

In *Sansom v. United States*, 703 F.Supp 1505 (N.D. Fla. 1988), the court stated that to impose a penalty under Section 6701, the burden is on the government to prove that the taxpayer had knowledge that his conduct would result in an understatement of tax liability. The court concluded that actual knowledge is necessary to prove a violation under Section 6701. In *Mattingly v. United States*, 924 F.2d 785 (8th Cir. 1991), the court stated that "actual knowledge as opposed to a less stringent willful blindness is required" to establish liability for a Section 6701 Penalty.

16.

A person assessed with a Section 6701 penalty may challenge the penalty under the procedures set forth in Section 6703.

17.

Under Section 6703(c)(1), if within thirty (30) days after the day on which the IRS issues a notice and demand for a penalty under Section 6701, the assessed taxpayer (a) pays 15% of the Section 6701 penalty and (b) files a claim for refund of the amount paid, the taxpayer is entitled to administrative and judicial review.

18.

In *Hankin v. United States*, 891 F.2d 480 (3d Cir. 1989), and *Barr v. United States*, 689 F. Supp. 1248 (E.D.N.Y. 1988), both courts concluded that Section 6701

penalties are like divisible taxes, and as such a taxpayer assessed with multiple Section 6701 penalties is only required to pay an amount with respect to one penalty to provide a court with jurisdiction.

19.

Because courts have held that a Section 6701 penalty is divisible, the IRS in 2005 concluded in a Chief Counsel's Advice that a person assessed with multiple Section 6701 penalties is required to pay 15% of only one assessed Section 6701 penalty in order to challenge all of the assessed Section 6701 penalties. See, CCA 200512016, Section 4C.

20.

Section 6703(c)(1) provides that if a taxpayer assessed with a penalty under Section 6701 initiates a suit within thirty (30) days after the day on which his claim for refund for any Section 6701 Penalty is denied (or if earlier) within thirty (30) days after the expiration of six (6) months after the day on which the taxpayer filed his claim for refund, the IRS is prohibited from collecting the penalties imposed under Section 6701 until there has been a final resolution of the suit brought to determine the liability of the taxpayer.

21.

In *In Re Tax Refund Litigation*, 725 F. Supp 140 (E.D.N.Y. 1989), the court indicated that the Section 6703(c)(2) prohibition against collecting Section 6701 penalties also appeared to prevent the IRS from filing federal tax liens and from taking taxpayer refunds as setoffs against the Section 6701 penalties because both of actions were dependent upon the taxpayer being liable for the penalties.

## **Claim for Relief.**

22.

The Plaintiff's filing of the Forms 6118 and accompanying $1,500 payments to the Internal Revenue Service on May 19, 2009 satisfied the requirements of Section 6703(c)(1) because within thirty (30) days of the date of the IRS' assessment notices, the Plaintiff (a) timely filed claims for refund of the Section 6701 penalty assessments; and (b) timely paid fifteen (15%) percent of one (1) Section 6701 penalty for each year involved.

23.

The Plaintiff's filing of this suit satisfies the requirements set forth in Sections 6703(c)(1) and (2) since this suit is being filed before December 19, 2009 (within thirty (30) days after the expiration of six (6) months after the day on which the taxpayer filed her claim for refund on May 19, 2009.

24.

The assessment of the aforementioned Section 6701 penalties are invalid, unlawful, erroneous, unauthorized and void for the following reasons, among others:

(a) The assessments are barred by the applicable statute of limitations because each of the years for which the Defendant seeks to assess a penalty under Section 6701 preceded the assessment by five (5) years or more;

(b) The Defendant has not shown and cannot show that the Plaintiff has violated any provisions of Section 6701 and Defendant has not and cannot produce any significant evidence in support of said Section 6701 penalty assessments;

7

(c) Upon information and belief, the penalty is erroneously calculated and unauthorized and under the applicable provisions of Section 6701 in effect for the years at issue, the Defendant was limited to assessing one (1) $1,000 penalty for each period at issue;

(d) Defendant has produced no evidence, and has no evidence, of any violation of Section 6701 by the Plaintiff, an d the assertion that the Plaintiff violated said statute is based solely and completely on erroneous conclusions, speculation and false assertions by the Defendant's representatives and/or others; and

(e) The Section 6701 Penalty assessments are without any foundation whatsoever and are naked assessments in that the assessments are based solely on unfounded conclusions and false assertions.

25.

By virtue of the foregoing, the Plaintiff is entitled to a judgment on her claim for relief and a determination from this Court that: (a) Plaintiff is not liable for the Section 6701 Penalties; (b) that the Section 6701 Penalties assessed by the Defendant are invalid, erroneous, unauthorized, unlawful, and/or void; and (c) Plaintiff is entitled to a refund of all sums paid and amounts applied to said Section 6701 penalty assessments, with interest. The Plaintiff is also entitled to an Or der of this Court abating in full, the aforementioned Section 6701 penalty assessments made by the Defendant against Plaintiff for the years 1999, 2000 and 2001.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For an Order of this Court requiring Defendant to refund to Plaintiff all sums paid and amounts applied to the Section 6701 penalty assessments against the Plaintiff, with interest, as provided by law;

2. For an Order of this Court abating in full the penalty referred to in the Penalty Notices, attached as Exhibits "A", "B" and "C".

3. For an Order of this Court declaring the Section 6701 penalties assessed against the Plaintiff for calendar years 1999, 2000 and 2001 to be unauthorized, unlawful, erroneous, null and void;

4. For an award of attorney's fees and costs pursuant to the provisions of Section 7430 and/or 28 USC Section 2412;

5. For such other and further relief as may be just and proper.

December 17, 2009.                                    Respectfully Submitted,

                                                      AJUBITA, LEFTWICH & SALZER, L.L.C.

                                                      _____
                                                      DOUGLAS L. SALZER, Bar No. 20466
                                                      JASON ANDERS, Bar No. 26171
                                                      A. ALBERT AJUBITA, Bar No. 2361
                                                      Energy Centre, Suite 1500
                                                      1100 Poydras Street
                                                      New Orleans, LA 70163-1950
                                                      Telephone: (504) 582-2300
                                                      Attorneys for Plaintiff, Kelly D. Ly
                                                      (Formerly known as Nguyet T. Duong)

**SERVICE IS BEING EFFECTED ON THE FOLLOWING PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE Section (4)(I)**

UNITED STATES ATTORNEY
MR. JAMES B. LETTEN
501 Magazine Street
New Orleans, Louisiana 70130


UNITED STATES ATTORNEY GENERAL
MR. ERIC HOLDER
Room 5111 Main Justice
10th Street and Constitution Avenue N.W.
Washington, D.C. 20530


UNITED STATES OF AMERICA THROUGH
INTERNAL REVENUE SERVICE GROUP
TECHNICAL SUPPORT GROUP MANAGER
1555 Poydras St.
Suite 220, Stop 39
New Orleans, LA 70112-3747

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY D. LY (Formerly known as Nguyet T. Duong),<br><br>Plaintiff,<br><br>VERSUS<br><br>UNITED STATES OF AMERICA,<br>Defendant | CIVIL ACTION<br><br>NO. _____<br><br>SEC. _____ |

## VERIFICATION

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

BEFORE ME, the undersigned authority, a Notary Public, duly commissioned and qualified in and for the Parish and State aforesaid, personally came and appeared:

**KELLY D. LY (formerly known as Nguyet T. Duong)**

Plaintiff, in the foregoing *Complaint*, who declared that she has read the same and that all of the allegations contained therein are true and correct to the best of her knowledge, information and belief.

_____
KELLY D. LY (formerly known
as Nguyet T. Duong)

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KELLY D. LY (Formerly known as Nguyet T. Duong), | * | |
| Plaintiff, | * | CIVIL ACTION |
| | * | NO. _____ |
| VERSUS | * | SEC. _____ |
| UNITED STATES OF AMERICA, Defendant | * | |

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues raised by the Complaint dated December 17, 2009.

December 17, 2009.                    Respectfully Submitted,

AJUBITA, LEFTWICH & SALZER, L.L.C.

*/s/ Douglas L. Salzer*
DOUGLAS L. SALZER, Bar No. 20466
JASON ANDERS, Bar No. 26171
A. ALBERT AJUBITA, Bar No. 2361
Energy Centre, Suite 1500
1100 Poydras Street
New Orleans, LA 70163-1950
Telephone: (504) 582-2300
Attorneys for Plaintiff, Kelly D. Ly
(Formerly known as Nguyet T. Duong)